IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRESTON JERMAIN LEWIS,
    Plaintiff,

vs.                                            Case No.:  3:15cv234/MCR/EMT

THOMAS JOSEPH LEONARD,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a Motion for Summary Judgment filed by Defendant (ECF No. 25).  The case was referred to the undersigned to conduct all preliminary proceedings and issue any recommendations to the district court regarding dispositive motions (ECF No. 15).  *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  The court advised Plaintiff regarding the nature of summary judgment and directed him to file a response (ECF No. 27), which he did (ECF No. 31).  After careful consideration of all issues raised by the parties, it is the opinion of the undersigned that Defendant's motion for summary judgment should be granted.

I.      BACKGROUND AND INTRODUCTION

This civil rights complaint, filed on May 22, 2015, arises from an incident occurring on February 26, 2013, where Plaintiff, a student enrolled at Pensacola State College and attending his "Computer Concepts" class, was asked by a campus police officer to follow him to another room where Defendant Thomas Leonard, Director of the Office of Student Conduct, and other school officials were sitting. Plaintiff was questioned about an incident that had occurred a week earlier wherein he was alleged to have used profanity against one of his professors, Dr. Linda Lemley. Plaintiff denied using profanity, and then, according to Plaintiff, he was told by Defendant to leave and was escorted off the campus by a campus police officer who told him not to come back or be arrested for trespassing.[1]

After a couple of phone calls and email messages between Plaintiff and school officials, Defendant Leonard called Plaintiff and, according to Plaintiff, informed him that he had discovered that "everything was founded [sic] out to be a lie" and that he had notified other school personnel that Plaintiff could return to school.[2] Plaintiff

---

[1] Defendant's version of this part of the story was that Plaintiff became upset at the allegation he had used profanity and left the room abruptly and that he was not told he could not return.

[2] In Defendant's version, there was confusion about whether Plaintiff had used profanity, and ultimately Dr. Lemley was unable to confirm what Plaintiff had actually said. To compound matters, at the meeting in the room the school officials had been simultaneously dealing with another

states that he did return to school but felt awkward because others looked at him as if he was a criminal. Plaintiff also states that it dawned on him that the real reason for his treatment was that he was an African-American.[3]

Plaintiff thereby claims a violation of his constitutional rights to due process, for being dismissed without a substantive investigation being conducted and without allowing him an opportunity to be heard; and a violation of his rights to equal protection based on his claim that the actions taken against him were racially motivated. As relief, he seeks "reinstatement" and monetary damages.

## II. SUMMARY JUDGMENT STANDARD

In order to prevail on a motion for summary judgment, the moving party must show that the nonmoving party has no evidence to support his or her case or present affirmative evidence that the nonmoving party will be unable to prove his or her case at trial. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the moving party successfully negates an essential element of the nonmoving party's case, the burden shifts to the nonmoving party to come

---

incident in which another student was alleged to have sexually harassed Dr. Lemley, and some confusion resulted as to what conduct Plaintiff was alleged to have committed. Ultimately, the decision was made to take no disciplinary action against Plaintiff.

[3] As Defendant points out, while Plaintiff did not continue his enrollment in his Computer Concepts class, he did finish his other three classes that semester.

Case No.: 3:15cv234/MCR/EMT

forward with evidentiary material demonstrating a genuine issue of fact for trial. *Id.* The nonmoving party must either point to evidence in the record or present additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. See Celotex Corp., *supra*; Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997) (Rule 56 requires the nonmoving party to go beyond the pleadings and by his or her own affidavits, or by the depositions, documents, affidavits or declarations, admissions, interrogatory answers or other materials on file designate specific facts showing that there is a genuine issue for trial); Hammer v. Slater, 20 F.3d 1137 (11th Cir. 1994).

Evidence presented by the nonmoving party in opposition to the motion for summary judgment, and all reasonable factual inferences arising from it, must be viewed in the light most favorable to him or her. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); Jones v. Cannon, 174 F.3d 1271, 1282 (11th Cir. 1999). Nonetheless, the nonmoving party still bears the burden of coming forward with sufficient evidence of every element that he or she must prove. See Celotex Corp., 477 U.S. at 317. A motion for summary judgment should be granted if "the movant shows that there is no genuine dispute as to any

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Celotex Corp., 477 U.S. at 322.

III. DISCUSSION

As Defendant has asserted, the court takes judicial notice of Lewis v. Leonard, Case No. 3:13-cv-00349-MCR-CJK, a case that Plaintiff previously brought in this court against the same Defendant as this case. This previous case, filed June 7, 2013, dealt with the same incidents occurring at Pensacola State College, and the facts and allegations of the two cases are virtually identical. As with this case, the previous complaint claimed race discrimination under 42 U.S.C. § 1983, and upon Defendant's motion, the court dismissed the case on the merits on July 28, 2014, nearly ten months before Plaintiff filed the instant case (ECF Nos. 1 and 14, 15 in that case).

This action should be barred by the doctrine of res judicata. "Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (citing Allen v. McCurry, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)). Res judicata applies when four elements are present:

> (1) the prior decision must have been rendered by a court of competent jurisdiction;

    (2) there must have been a final judgment on the merits;

    (3) both cases must involve the same parties or their privies; and

    (4) both cases must involve the same causes of action.

*Id.*

Plainly, the first, second and third elements have been met, as Plaintiff's previous case was adjudicated against him on the merits, and the parties involved are exactly the same. The only point of differentiation lies in the fourth element: whereas Plaintiff brought only a claim of racial discrimination under section 1983 in his previous case, in this case he also claims a constitutional violation of due process. This difference is not critical, however, because, as stated above, res judicata operates to bar not only claims that were brought but claims that could have been brought as well. While Plaintiff may identify another claim that allegedly arose from the operative facts, this does not change the fact that this case arises in its entirety from the same core of operative facts as the previous one. *See* Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) ("In determining whether the prior and present causes of action are the same, we must decide whether the actions arise 'out of the same nucleus of operative fact, or [are] based upon the same factual predicate.'"

(quoting Piper Aircraft Corp., 244 F.3d at 1297); *see also* Mann v. Palmer, 713 F.3d 1306, 1311–12 (11th Cir. 2013).

Therefore, because this case is properly found to have been fully litigated in the previous action, Plaintiff is precluded from pursuing the instant action.

Accordingly, it is respectfully **RECOMMENDED**:

1.  That Defendant's Motion for Summary Judgment (ECF No. 25) be **GRANTED**.

2.  That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 23rd day of February 2017.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**